MONACO, J.
G.I.G., a juvenile, appeals the determination of the trial court to depart from the recommendation of the Department of Juvenile Justice, and to commit him to a level 6 facility. Although G.I.G. argues that the court failed to state sufficient reasons founded on competent substantial evidence to support a departure from the Department’s recommendation, we conclude that the trial court did not abuse its discretion in this regard. See M.P. v. State, 832 So.2d 877 (Fla. 5th DCA 2002).
There is, however, one issue that needs to be further addressed by the trial court. In J.I.S. v. State, 930 So.2d 587, 596 (Fla.2006), the Florida Supreme Court held that credit for time served must be given for pre-commitment secure detention when the commitment will conclude before the juvenile reaches the age of majority. G.I.G. argues, and the State concedes that G.I.G. is entitled to credit for 63 days time served. While the trial court entered an order to this effect, it did so more than 30 days after G.I.G. filed his motion to correct a sentencing error. Florida Rule of Juvenile Procedure 8.135(b)(1)(b), indicates that any order entered more than thirty days after such a motion is filed is deemed denied. Accordingly, while we affirm the decision of the trial court to depart from the Department’s recommendation, we remand for entry of a proper order giving G.I.G. credit for time served.
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER and EVANDER, JJ., concur.